## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| **RENE VALDIVIA and ALEXIS FREE,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**DEREK PORSCH; GABRIEL CHRISTENSEN; DERICK SEATON; COBY GUST; TODD JOHNSON, individually and in their official capacities with the City of Audubon Police Department and Audubon County Sheriff's Office; CITY OF AUDUBON, IOWA; and AUDUBON COUNTY, IOWA;**<br><br>**Defendants.** | **Civil No.: _____**<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW**, the Plaintiffs, Rene Valdivia and Alexis Free, and for their Complaint and Jury Demand states as follows:

1.   Plaintiff Rene Valdivia is a United States citizen and an individual who engaged with officers at or around Washington Street, Audubon, Iowa 50025 at all times relevant to the events complained of herein.

2.   Plaintiff Alexis Free is a United States citizen and an individual who engaged with officers at or around Washington Street, Audubon, Iowa 50025 at all times relevant to the events complained of herein.

3.   Defendant Derek Porsch is believed to be a citizen and a resident of the United States and was employed as a police officer for the Audubon Police

1

Department at all times relevant to the events complained of herein.

4.    Defendant Gabriel Christensen is believed to be a citizen and a resident of the United States and was employed as a Deputy Sheriff for the Audubon County Sheriff's Office at all times relevant to the events complained of herein.

5.    Defendant Derick Seaton is believed to be a citizen and a resident of the United States and was employed as a Deputy Sheriff for the Audubon County Sheriff's Office at all times relevant to the events complained of herein.

6.    Defendant Coby Gust is believed to be a citizen and a resident of the United States and was employed as the Chief of Police for the Audubon Police Department at all times relevant to the events complained of herein.

7.    Defendant Todd Johnson is believed to be a citizen and a resident of the United States and was employed as the Sheriff for the Audubon County Sheriff's Office at all times relevant to the events complained of herein.

8.    Defendant City of Audubon, Iowa is a municipal corporation organized and authorized to operate under the laws of the State of Iowa and is located at 410 North Park Place, Audubon, Audubon County, Iowa 50025. Defendant City is responsible for maintaining and operating the Audubon Police Department.

9.    Defendant Audubon County, Iowa is a county corporation organized and authorized to operate under the laws of the State of Iowa and is located at 318 Leroy Street, Audubon, Audubon County, Iowa 50025. Defendant County is responsible for maintaining and operating the Audubon County Sheriff's Office.

## JURISDICTION AND VENUE

10.     Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

11.     The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

12.     All events and actions referenced in this Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

13.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

14.      On October 8, 2022, Rene Valdivia and Alexis Free were driving on Highway 71 in Audubon, Iowa.

15.     Just after 11:00 p.m., Officer Derek Porsch was patrolling the area, traveling northbound and saw Mr. Valdivia and Mrs. Free traveling southbound.

16.     After Officer Porsch saw the vehicle, he turned around, without activating his headlights and began to follow the Plaintiffs' vehicle.

17.     Officer Porsch has given inconsistent statements as to the reasoning for his suspicion to follow the car.

18.     First, Officer Porsch stated in his incident report it was due to the back license plate illumination lamps not being on.

19.     Then, Officer Porsch stated it was due to the vehicle having no license plates as required by Iowa law.

20.     Finally, Officer Porsch later testified in Mr. Valdivia's criminal case

arising out of this incident that it was because the vehicle was traveling at a high rate of speed.

21.     Regardless, Officer Porsch followed the vehicle onto Washington Street where he saw Mr. Valdivia lawfully pull over to the side of the road to let Mrs. Free out of the vehicle.

22.     After pulling over beside Mr. Valdivia and witnessing Mrs. Free leave her vehicle, Officer Porsch conversed directly with Mr. Valdivia, who was driving the vehicle.

23.     Officer Porsch's body camera and dash camera on his official police vehicle were not activated at this point.

24.     Further, Officer Porsch testified that in pulling up next to Mr. Valdivia, Officer Porsch did not utilize a flashlight or the floodlight on his vehicle.

25.     Officer Porsch testified that he inquired into where the person was who left the vehicle.

26.     Following Mr. Valdivia and Officer Porsch's brief discussion, Officer Porsch left Mr. Valdivia in an attempt to locate Mrs. Free who was believed to had gone to a house further down on Washington Street.

27.     Officer Porsch circled the area a few times in his police vehicle attempting to locate the female on foot.

28.     At this time, Officer Porsch called into dispatch to report that a female had taken off on foot, this dispatch was heard by Deputy Derick Seaton and Deputy Gabriel Christensen.

29. After Officer Porsch could not locate the individual, Officer Porsch got out of his vehicle and approached the residence at 605 Washington Street to see if the woman had gone into the home addressed here.

30. Following questions with the homeowner, Officer Porsch observed Mr. Valdivia walking on Washington Street.

31. Following a brief exchange, Officer Porsch requested Mr. Valdivia's identification and again asked where the woman had gone.

32. At this time, Deputy Christensen arrived on scene observing Officer Porsch's conversation with Mr. Valdivia.

33. Deputy Christensen immediately walked up to the conversation between Mr. Valdivia and Officer Porsch and listened to Officer Porsch's questioning of Mr. Valdivia.

34. Following this exchange and identification of Mr. Valdivia, Officer Porsch detained Mr. Valdivia immediately and placed him in the back of his police vehicle.

35. Deputy Christensen testified that after the conversation ended, "Officer Porsch then returned to search and take custody of [Mr.] Valdivia."

36. Officer Porsch testified that he was merely trying to figure out what was going on and felt that it was a "weird situation."

37. Officer Porsch did not point to any articulable facts that could have led him to the conclusion that Mr. Valdivia was engaged in criminal behavior.

38. Mr. Valdivia's arrest was predicated on Officer Porsch's attempt to

"figure out what was going on" and why Mrs. Free left the vehicle.

39.    As it relates to Deputy Christensen, following the custody of Mr. Valdivia, Deputy Christensen preceded to walk around to the vehicle to which he described smelling a strong odor of marijuana.

40.    This, to Deputy Christensen, was enough to establish probable cause to conduct a search of the vehicle.

41.    Deputy Christensen then preceded to search the vehicle finding marijuana within the vehicle.

42.    Once Mr. Valdivia was in the vehicle, he told Officer Porsch that he would yell for Mrs. Free to alert her that she should come talk with the Officers.

43.    After yelling for Mrs. Free, Mrs. Free reappeared between houses and came back to the vehicle.

44.    Immediately, Mrs. Free was detained and identification requested.

45.    At this point, Deputy Seaton had arrived to assist Officer Porsch in finding Mrs. Free and placing her in the back of Deputy Seaton's police vehicle.

46.    Following Mr. Valdivia and Mrs. Free's detentions, Officer Porsch and Deputy Seaton conducted a warrantless search of the vehicle Mr. Valdivia had been driving.

47.    In that search, Officer Porsch and Deputy Seaton found drug paraphernalia, methamphetamine, and marijuana.

48.    The officers then preceded to take Mr. Valdivia and Mrs. Free to the Audubon County Sheriff's Office to file formal charges against them.

49.     Officer Porsch conducted field sobriety tests and a standard preliminary breathalyzer test on Mr. Valdivia, which registered back at a .000.

50.     Regardless, Mr. Valdivia was charged with Operating While Intoxicated in violation of Iowa Code § 321J.2(2)(A), Possession of Drug Paraphernalia in violation of Iowa Code § 124.414, Possession of Marijuana in violation of Iowa Code § 124.401(5), Possession of Methamphetamine in violation of Iowa Code § 124.401(5), and Interference with Official Acts in violation of Iowa Code § 719.1(1)(B).

51.     Additionally, Mrs. Free was charged with Possession of Marijuana in violation of Iowa Code § 124.401(5), Possession of Marijuana with the intent to distribute in violation of Iowa Code § 124.401(1)(d), Possession of Cocaine with intent to distribute in violation of Iowa Code § 124.401(1)(d), Possession of Methamphetamine in violation of Iowa Code § 124.401(5), Interference with Official Acts in violation of Iowa Code § 719.1(1)(B), Possession of Drug Paraphernalia in violation of Iowa Code § 124.414, and Introduce Intoxicants or Drugs Into an Institution in violation of Iowa Code § 719.7.

52.     As a result of these complaints against Mr. Valdivia, the criminal case *State v. Valdivia*, SRCR049032 was filed in the Iowa District Court for Audubon County.

53.     As a result of these complaints against Mrs. Free, the criminal case *State v. Free*, FECR049031 was filed in the Iowa District Court for Audubon County.

54.     On November 13, 2022, Rene Valdivia was arraigned and his trial was set for December 13, 2022.

55.   On or about December 11, 2022, Rene Valdivia's criminal defense counsel and Alexis Free's criminal defense counsel filed a Motion to Suppress Evidence from the incident described herein.

56.   This Motion to Suppress was premised on the warrantless seizure of Mr. Valdivia, the warrantless search of Mr. Valdivia's vehicle, and the statements Mr. Valdivia said while being detained, naming Officer Porsch, Officer Seaton, and Deputy Christensen in the motion and accusing them of misconduct.

57.   On or about December 19, 2022, Judge Michael Hooper, District Court Judge for the Fourth Judicial District of Iowa, granted Mr. Valdivia's Motion to Suppress, dismissed the charges against both Mr. Valdivia and Mrs. Free and ordered their release from custody.

58.   Prior to this Order on December 19, 2022, Mr. Valdivia spent seventy (70) days in jail and Mrs. Free spent thirty (30) days in jail due to the Defendants dereliction of duty and wrongful and illegal search, seizure, and subsequent arrest.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Unreasonable Seizures – Unlawful Extension of Automobile Stop*
### (*Against Officer Porsch, individually*)

59.   Plaintiffs replead each preceding paragraph as if fully set forth herein.

60.   Officer Porsch is a person for the purposes of a Section 1983 action for damages.

61.     At all times material hereto, Officer Porsch's actions and/or omissions were made under the color of authority and law as an officer of the Audubon Police Department.

62.     On or about October 8, 2022, Officer Porsch violated Plaintiffs clearly established constitutional rights by extending an automobile stop beyond what was reasonably necessary to resolve the basis for the stop.

63.     Though the vehicle in which Plaintiffs were passengers was stopped for an alleged traffic violation, Officer Porsch took actions which extended the stop beyond what was necessary to process this violation.

64.     Officer Porsch extended the stop to conduct an investigation unrelated to the traffic violation without having legal cause to do so.

65.     Officer Porsch demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights by effecting an unconstitutional traffic stop.

66.     The actions of Officer Porsch were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

67.     Plaintiffs request reasonable attorney fees and costs associated with prosecuting this action pursuant to 42 U.S.C. §1988.

68.     As a direct and proximate result of Officer Porsch's illegal and unjustified conduct, Plaintiffs have and will in the future suffer and incur the following damages:

    a. Deprivation of their constitutional rights;

b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c. Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

d. Punitive damages;

e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

f. Other damages as allowed by law.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for

Judgment against Defendants Derek Porsch and Derick Seaton, as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b. Compensation for violation of their constitutional rights, pain, suffering, mental anguish, and humiliation;

c. Plaintiffs' costs in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

d. Punitive damages; and

e. Such relief as the Court deems just and equitable.

## COUNT II
### VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION
### _Right to be Free from Unreasonable Seizures – Unlawful Extension of Automobile Stop_
### _(Against Officer Porsch, individually)_

69.    Plaintiffs replead each preceding paragraph as if fully set forth herein.

70.    At all times material hereto, Officer Porsch's actions and/or omissions

were made under the color of authority and law as an officer of the Audubon Police

Department.

71.    On or about October 8, 2022, Officer Porsch violated Plaintiffs clearly established constitutional rights by extending an automobile stop beyond what was reasonably necessary to resolve the basis for the stop.

72.    Though the vehicle in which Plaintiffs were passengers was stopped for an alleged traffic violation, Officer Porsch took actions which extended the stop beyond what was necessary to process this violation.

73.    Officer Porsch extended the stop to conduct an investigation unrelated to the traffic violation without having legal cause to do so.

74.    Officer Porsch demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights by effecting an unconstitutional traffic stop.

75.    The actions of Officer Porsch were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

76.    Plaintiffs request reasonable attorney fees and costs associated with prosecuting this action as Officer Porsch's violation of Plaintiffs' constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

77.    As a direct and proximate result of Officer Porsch's illegal and unjustified conduct, Plaintiffs have and will in the future suffer and incur the following damages:

    a.  Deprivation of their constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Consequential damages;

    d.  Actual and compensatory damages, including but not limited to the expense of defending themselves against resulting criminal charges;

    e.  Punitive damages;

    f.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and,

    g.  Other damages as allowed by law.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for Judgment against Defendants Derek Porsch and Derick Seaton, as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b.  Compensation for violation of their constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

    c.  Plaintiffs' costs in this action, including but not limited to reasonable attorney's fees and costs at common law;

    d.  Punitive damages; and,

    e.  Such relief as the Court deems just and equitable.

**COUNT III**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
***Right to be Free from Warrantless Search***
**(On Against Derek Porsch and Derick Seaton, *individually*)**

78.    Plaintiffs replead each preceding paragraph as if fully set forth herein.

79.    Officer Porsch and Deputy Seaton's are persons for the purposes of a

Section 1983 action for damages.

80.     At all times material hereto, Officer Porsch and Deputy Seaton's actions and/or omissions were made under the color of authority and law as an officer of the Audubon Police Department.

81.     On or about October 8, 2022, Officer Porsch and Deputy Seaton's violated Plaintiffs clearly established constitutional rights by conducting interior searches of a vehicle in which they were passenger without consent, a warrant, or other legal justification to do so.

82.     Plaintiffs had privacy interests in the vehicle searched.

83.     Officer Archibald demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights by effecting an unconstitutional search.

84.     The actions of Officer Porsch and Deputy Seaton's were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

85.     Plaintiffs request reasonable attorney fees and costs associated with prosecuting this action pursuant to 42 U.S.C. §1988.

86.     As a direct and proximate result of Officer Porsch and Deputy Seaton's illegal and unjustified conduct, Plaintiffs have and will in the future suffer and incur the following damages:

    a.  Deprivation of their constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c. Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering and medical expenses;

d. Punitive damages;

e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for Judgment against Defendants Derek Porsch and Derick Seaton, as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b. Compensation for violation of their constitutional rights, pain, suffering, mental anguish, and humiliation;

c. Plaintiffs' costs in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

d. Punitive damages; and

e. Such relief as the Court deems just and equitable.

## COUNT IV
### VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION
### *Right to be Free from Warrantless Search*
### (*Against Derek Porsch and Derick Seaton, individually*)

87.    Plaintiffs replead each preceding paragraph as if fully set forth herein.

88.    At all times material hereto, Derek Porsch's actions and/or omissions were made under the color of authority and law as an officer of the Audubon Police

14

Department.

89.    At all times material hereto, Derick Seaton's actions and/or omissions were made under the color of authority and law as an officer of the Audubon County Sheriff's Office

90.    On or about October 8, 2022, Officer Porsch and Deputy Seaton violated Plaintiffs clearly established constitutional rights by conducting interior searches of a vehicle in which they were passenger without consent, a warrant, or other legal justification to do so.

91.    Plaintiffs had privacy interests in the vehicle searched.

92.    Officer Porsch and Deputy Seaton demonstrated a deliberate indifference to and reckless disregard of Plaintiffs' civil and constitutional rights by effecting an unconstitutional search.

93.    The actions of Officer Porsch and Deputy Seaton were willful, wanton, unlawful, and in gross disregard of Plaintiffs' civil rights, justifying an award of punitive damages.

94.    Plaintiffs request reasonable attorney fees and costs associated with prosecuting this action as Officer Porsch and Deputy Seaton's violation of Plaintiffs' constitutional right were oppressive, conniving, harsh, cruel, and/or tyrannical.

95.    As a direct and proximate result of Officer Porsch and Deputy Seaton's illegal and unjustified conduct, Plaintiffs have and will in the future suffer and incur the following damages:

    a.  Deprivation of their constitutional rights;

b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c. Consequential damages;

d. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

e. Punitive damages;

f. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

g. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs available at common law.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for

Judgment against Defendants Derek Porsch and Derick Seaton, as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b. Compensation for violation of their constitutional rights, loss of income and earning capacity, humiliation, degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Plaintiffs' costs in this action, including but not limited to reasonable attorney's fees and costs at common law;

d. Punitive damages; and,

e. Such relief as the Court deems just and equitable.

### COUNT V
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Arrest without Probable Cause*
### *(Against Derek Porsch and Derick Seaton, individually)*

96.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

97.    Defendants Officer Porsch and Deputy Seaton are individuals for the purposes of a Section 1983 action for damages.

98.    At all times material hereto, Officer Porsch's actions and/or omissions were made under the color of authority and law as an officer for the Audubon Police Department.

99.    At all times material hereto, Deputy Seaton's actions and/or omissions were made under the color of authority and law as an officer for the Audubon Sheriff's Office.

100.    On October 8, 2022, Officer Porsch and Deputy Seaton violated Mr. Valdivia and Mrs. Free's constitutional rights by detaining and arresting Mr. Valdivia and Mrs. Free without probable cause to believe a criminal offense had been committed.

101.    Based upon the facts known to Officer Porsch and Deputy Seaton, no reasonable officer could believe probable cause existed to arrest Mr. Valdivia and Mrs. Free.

102.    There was no warrant for Mr. Valdivia's arrest.

103.    Officer Porsch and Deputy Seaton violated Mr. Valdivia and Mrs. Free's clearly established Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from unlawful arrest.

104.    On October 8, 2022, the law was clearly established a warrantless arrest made without probable cause violated the Fourth and Fourteenth Amendments of the

United States Constitution.

105. Officer Porsch and Deputy Seaton demonstrated a deliberate indifference to and/or reckless disregard of Mr. Valdivia and Mrs. Free's civil and constitutional rights by their unlawful arrest of Mr. Valdivia and Mrs. Free.

106. Officer Porsch and Deputy Seaton actions were willful, wanton, unlawful, and in gross disregard of Mr. Valdivia and Mrs. Free's civil rights, justifying an award of punitive damages.

107. As a direct and proximate result of Officer Porsch and Deputy Seaton's illegal and unjustified conduct, Mr. Valdivia and Mrs. Free were injured and is entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

    a. Deprivation of their constitutional rights;

    b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

    d. Punitive damages;

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for Judgment against Defendants Derek Porsch and Derick Seaton, as follows:

18

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b. Compensation for violation of their constitutional rights, pain, suffering, mental anguish, and humiliation;

c. Plaintiffs' costs in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

d. Punitive damages; and

e. Such relief as the Court deems just and equitable.

**COUNT VI**
**VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION**
***Right to be Free from Arrest without Probable Cause***
***(Against Derek Porsch and Derick Seaton, individually)***

108.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

109.    At all times, Officer Porsch's actions and/or omissions were made under the color of authority and the law as an Officer of the Audubon Police Department.

110.    At all times material hereto, Deputy Seaton's actions and/or omissions were made under the color of authority and law as a Deputy for the Audubon County Sheriff's Office.

111.    On October 8, 2022, Officer Porsch and Deputy Seaton violated Mr. Valdivia and Mrs. Free's constitutional rights by detaining and arresting them without probable cause to believe a criminal offense had been committed.

112.    Based upon the facts known to Officer Porsch and Deputy Seaton, no reasonable officer could believe probable cause existed to arrest Mr. Valdivia or Mrs. Free.

113.    There was no warrant for Mr. Valdivia's arrest.

114.   Officer Porsch and Deputy Seaton violated Mr. Valdivia and Mrs. Free's clearly established rights under Article I, §8 of the Iowa Constitution to be free from unlawful arrest.

115.   On October 8, 2022, the law was clearly established a warrantless arrest made without probable cause violated Article I, §8 of the Iowa Constitution.

116.   Officer Porsch and Deputy Seaton demonstrated a deliberate indifference to and/or reckless disregard of Mr. Valdivia and Mrs. Free's civil and constitutional rights by their unlawful arrest of Mr. Valdivia and Mrs. Free.

117.   Officer Porsch and Deputy Seaton's actions were willful, wanton, unlawful, and in gross disregard of Mr. Valdivia and Mrs. Free's civil rights, justifying an award of punitive damages.

118.   As a direct and proximate result of Officer Porsch and Deputy Seaton's illegal and unjustified conduct, Mr. Valdivia and Mrs. Free are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

   a. Deprivation of their constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Consequential damages;

   d. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

   e. Punitive damages;

   f. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

g. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs available at common law.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for Judgment against Defendants Derek Porsch and Derick Seaton, as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

b. Compensation for violation of their constitutional rights, pain, suffering, mental anguish, and humiliation degradation, public ridicule, loss of personal and professional reputation, and emotional distress;

c. Plaintiffs' costs in this action, including reasonable attorney fees and costs at common law;

d. Punitive damages; and

e. Such relief as the Court deems just and equitable.

## COUNT VII
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Monell Liability for Arrest without Probable Cause*
### *(Against Defendants Coby Gust and Todd Johnson, individually, City of Audubon and Audubon County)*

119. Plaintiff repleads each preceding paragraph as if fully set forth herein.

120. Defendants Coby Gust, Todd Johnson, City of Audubon, and Audubon County are persons for the purposes of Section 1983 action for damages.

121. At all times material hereto, Chief Gust and Sheriff Johnson's actions and/or omissions were made under the color of authority as the Chief of Police for

Defendant City of Audubon and Audubon County.

122.   As Chief, Chief Gust is responsible for supervising and training the law enforcement officers of the Audubon Police Department, as well as implementing and enforcing the City's policies.

123.   As Sheriff, Sheriff Johnson is responsible for supervising and training the law enforcement officers of the Audubon County Sheriff's Office.

124.   Defendants failed to establish and/or maintain, and/or enforce city and/or county policies, patterns, practices, or customs for determining when probable cause exists to make an arrest.

125.   Prior to the events described *supra*, Defendants deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish an adequate and sufficient policy and procedure for training or supervising officers within the department relating to when probable cause exists to make an arrest.

126.   Defendants deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdiction failed to adequately and sufficiently train and/or supervise officers within their departments regarding when probable cause exists to effectuate an arrest.

127.   The customs and practices of the Defendants were ones which involved the failure to initiate policies to ensure arrest are performed only where a warrant was issued or where probable cause exists to believe a criminal offense has been committed.

128.    The acts and/or omissions of the Defendants regarding law enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Mr. Valdivia and Mrs. Free.

129.    The actions and/or omissions of the Defendants intruded upon Mr. Valdivia and Mrs. Free's right to be free from arrest in the absence of probable cause.

130.    The failure of the Defendants to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Defendants Porsch, Christensen, and Seaton to violate Mr. Valdivia and Mrs. Free's constitutional rights.

131.    On October 8, 2022, the law was clearly established municipal officers and municipalities could be liable for another municipal officer's warrantless arrest made without probable cause which violated the Fourth and Fourteenth Amendments of the United States Constitution.

132.    The Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

133.    The actions and/or omissions of Chief Gust, Sheriff Johnson, City of Audubon, and Audubon County intruded upon Mr. Valdivia and Mrs. Free's clearly established constitutional right to be free from arrest without probable cause under the Fourth and Fourteenth Amendment.

134.    As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Valdivia and Mrs. Free were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer,

including:

    a. Deprivation of their constitutional rights;

    b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

    d. Punitive damages;

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for Judgment against the Defendants Coby Gust, Todd Johnson, City of Audubon, and Audubon County, as follows:

    a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b. Compensation for violation of their constitutional rights, pain, suffering, mental anguish, and humiliation;

    c. Plaintiffs' costs in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

    d. Punitive damages; and

    e. Such relief as the Court deems just and equitable.

## <u>COUNT VIII</u>
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

### *Monell Liability for Unlawful Extension of Automobile Stop*
### *(Against Defendants Coby Gust, individually and the City of Audubon)*

135.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

136.    Defendants Coby Gust, Todd Johnson, City of Audubon, and Audubon County are persons for the purposes of Section 1983 action for damages.

137.    At all times material hereto, Chief Gust and Sheriff Johnson's actions and/or omissions were made under the color of authority as the Chief of Police for Defendant City of Audubon and Audubon County.

138.    As Chief, Chief Gust is responsible for supervising and training the law enforcement officers of the Audubon Police Department, as well as implementing and enforcing the City's policies.

139.    As Sheriff, Sheriff Johnson is responsible for supervising and training the law enforcement officers of the Audubon County Sheriff's Office.

140.    Defendants have failed to establish, maintain, and/or enforce official policies, patterns, practices, or customs prohibiting law enforcement officers from extending automobile stops beyond the original basis for initiating the stop in the absence of legal justification.

141.    Alternatively, Defendants established, maintained, and/or enforced official policies, patterns, practices, or customs permitting law enforcement officers to extend automobile stops beyond the original basis for initiating the stop in spite of the absence of legal justification.

142.    Prior to the events described *supra*, the Defendants, deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish

an adequate and sufficient policy and procedure for training or supervising law enforcement officers on the constitutionality of extending automobile stops beyond the original basis for initiating the stop.

143.    Alternatively, prior to the events described *supra*, Audubon Police Department deliberately and with reckless disregard for the constitutional rights of its citizens established inadequate and insufficient policy and procedure for training or supervising law enforcement officers on the constitutionality of extending automobile stops beyond the original basis for initiating the stop.

144.    The Defendants deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdiction failed to adequately and sufficiently train and/or supervise officers and employees within the Audubon Police Department as to the constitutionality of extending automobile stops beyond the original basis for initiating the stop.

145.    The acts and/or omissions of the Defendants regarding the Audubon Police Department officers and employees amounted to deliberate indifference to the rights and safety of citizens, including Plaintiffs.

146.    The actions and/or omissions of Defendants intruded upon Plaintiffs' rights against unlawful seizure by the Audubon Police Department.

147.    The failure of Defendants to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, the violations of Plaintiffs' constitutional rights.

148.    As a direct and proximate result of the Defendants' illegal and

unjustified conduct, Mr. Valdivia and Mrs. Free were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of their constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for Judgment against the Defendants Coby Gust, Todd Johnson, City of Audubon, and Audubon County, as follows:

    a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

    b.  Compensation for violation of their constitutional rights, pain, suffering, mental anguish, and humiliation;

    c.  Plaintiffs' costs in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

    d.  Punitive damages; and

e.   Such relief as the Court deems just and equitable.

## COUNT IX
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983 VIOLATION OF FOURTH AMENDMENT AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Monell Liability for Right to be Free from Warrantless Search*
### *(Against Defendants Coby Gust and Todd Johnson, individually, City of Audubon and Audubon County)*

149.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

150.   Defendants Coby Gust, Todd Johnson, City of Audubon, and Audubon County are persons for the purposes of Section 1983 action for damages.

151.   At all times material hereto, Chief Gust and Sheriff Johnson's actions and/or omissions were made under the color of authority as the Chief of Police for Defendant City of Audubon and Audubon County.

152.   As Chief, Chief Gust is responsible for supervising and training the law enforcement officers of the Audubon Police Department, as well as implementing and enforcing the City's policies.

153.   As Sheriff, Sheriff Johnson is responsible for supervising and training the law enforcement officers of the Audubon County Sheriff's Office.

154.   Defendants have failed to establish, maintain, and/or enforce official policies, patterns, practices, or customs prohibiting law enforcement officers from searching the interior of vehicles in the absence of a warrant or probable cause.

155.   Alternatively, the Defendants established, maintained, and/or enforced official policies, patterns, practices, or customs permitting law enforcement officers from searching the interior of vehicles in the absence of a warrant or probable cause.

156.   Prior to the events described *supra*, the Defendants deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish an adequate and sufficient policy and procedure for training or supervising law enforcement officers from searching the interior of vehicles in the absence of a warrant or probable cause.

157.   Alternatively, prior to the events described *supra*, the Defendants deliberately and with reckless disregard for the constitutional rights of its citizens established inadequate and insufficient policy and procedure for training or supervising law enforcement officers from searching the interior of vehicles in the absence of a warrant or probable cause.

158.   The Defendants deliberately and with reckless disregard for the constitutional rights of the people existing within their jurisdiction failed to adequately and sufficiently train and/or supervise officers and employees within the Audubon Police Department and the Audubon County Sheriff's Office as to searching the interior of vehicles in the absence of a warrant or probable cause.

159.   The acts and/or omissions of the Defendants regarding Audubon Police Department and the Audubon County Sheriff's Office's officers and employees amounted to deliberate indifference to the rights and safety of citizens, including Plaintiffs.

160.   The actions and/or omissions of Defendants intruded upon Plaintiffs' rights against unlawful seizure by the Audubon Police Department and the Audubon County Sheriff's Office.

161.   The failure of the Defendants to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, the violations of Plaintiffs' constitutional rights.

162.   As a direct and proximate result of the Defendants' illegal and unjustified conduct, Mr. Valdivia and Mrs. Free were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

  a. Deprivation of their constitutional rights;

  b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

  c. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

  d. Punitive damages;

  e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

  f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, prays for Judgment against the Defendants Coby Gust, Todd Johnson, City of Audubon, and Audubon County, as follows:

  a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

  b. Compensation for violation of their constitutional rights, pain, suffering, mental anguish, and humiliation;

    c.   Plaintiffs' costs in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

    d.   Punitive damages; and

    e.   Such relief as the Court deems just and equitable.

**COUNT X**
**FALSE ARREST**
***(Against Derek Porsch and Derick Seaton individually and in their official capacity)***

163.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

164.   On October 8, 2022, Rene Valdivia and Alexis Free were detained and restrained against their will.

165.   Mr. Valdivia and Mrs. Free's detention and restraint were done by Officer Porsch and Deputy Seaton.

166.   The detention and restraint by Officer Porsch and Deputy Seaton was the cause of Mr. Valdivia and Mrs. Free's damages, including incurring attorney fees and costs associated with defending against the criminal charge.

167.   Officer Porsch and Deputy Seaton's detention and restraint of Mr. Valdivia and Mrs. Free were without probable cause violating Mr. Valdivia and Mrs. Free's clearly established rights.

168.   Based upon the facts known to Officer Porsch and Deputy Seaton, no reasonable officer could believe probable cause existed to execute a warrantless search and seizure and subsequently arrest Mr. Valdivia and Mrs. Free.

169.   Officer Porsch and Deputy Seaton acted with malice in the detention and restraint of Mr. Valdivia and Mrs. Free.

31

170.   On October 8, 2022, false arrest was clearly established as a common law tort for which municipal officers could be held liable.

171.   Officer Porsch and Deputy Seaton's actions were willful, wanton, unlawful, and in gross disregard for Mr. Valdivia and Mrs. Free's rights and reputation, justifying an award of punitive damages.

172.   Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, respectfully requests judgment against Defendants Derek Porsch and Derick Seaton in an amount which will fully and fairly compensate them for their mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT XI
## NEGLIGENT SUPERVISION AND TRAINING
### *(Against Defendants Coby Gust and Todd Johnson, individually,  City of Audubon and Audubon County)*

173.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

174.   Defendants Coby Gust, Todd Johnson, City of Audubon, and Audubon County were the employers and/or supervisor officers of Officer Porsch, Deputy Christensen, and Deputy Seaton.

175.    As the employer, Defendants have a duty to exercise reasonable care in the hiring, retention, and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

176.    Defendants breached their duty in the negligent and reckless supervision and training of Officer Porsch, Deputy Christensen, and Deputy Seaton as it relates to illegal searches and seizures and false arrests in their role as law enforcement officers for the City of Audubon Police Department and the Audubon County Sheriff's Office.

177.    Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Officer Porsch, Deputy Christensen, and Deputy Seaton.

178.    The incompetence, unfitness, and dangerous characteristics of Officer Porsch, Deputy Christensen, and Deputy Seaton were a cause of damages to Plaintiffs.

179.    On October 8, 2022, negligent training and supervision was clearly established as a common law tort for which municipal officers and municipalities could be held liable.

180.    The Defendants' negligence were a proximate cause of Plaintiffs' injuries.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, respectfully requests judgment against Defendants Coby Gust, Todd Johnson, City of Audubon, and Audubon County in an amount which will fully and fairly compensate them for

their mental, and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

**COUNT XII**
**RESPONDEAT SUPERIOR**
***(Against Defendant City of Audubon and Audubon County)***

181.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

182.   At all times material hereto, an employer-employee relationship existed between the City of Audubon, as the employer, and Officer Porsch as an employee.

183.   At all times material hereto, an employer-employee relationship existed between Audubon County, as the employer, and Deputy Christensen and Deputy Seaton as employees.

184.   At all times material hereto, Officer Porsch, Deputy Christensen, and Deputy Seaton were acting within the scope of their employment with the City of Audubon or Audubon County.

185.   On October 8, 2022, respondeat superior was clearly established as a common law tort for which municipal officers and municipalities could be liable.

186.   As a result of the conduct and/or omissions of Defendants, Plaintiffs sustained damages as previously set forth in this Petition.

**WHEREFORE**, the Plaintiffs, Rene Valdivia and Alexis Free, respectfully requests judgment against Defendants City of Audubon and Audubon County in an amount which will fully and fairly compensate them for their mental, and emotional injuries and damages, compensatory damages, for interest and costs as allowed by

law, and such other relief as may be just under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this matter on all counts to which

Plaintiffs are entitled to a jury.

**GRIBBLE BOLES STEWART & WITOSKY LAW**

BY:        */s/ Matthew Boles*

Matthew M. Boles               AT0001037
Adam C. Witosky                AT0010436
2015 Grand Avenue, Ste. 200
Des Moines, Iowa 50312
Telephone:        (515) 235-0551
Facsimile:        (515) 243-3696
Email:     mboles@gbswlaw.com
             awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

**Electronically filed.**